IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CURTIS SIMPSON**,

    Plaintiff,

v.

**SCAPES OF NORTH FLORIDA, LLC,**
a Florida Limited Liability Company, and
**JASON DUGGER**, individually.

    Defendants.

Case No.: _____

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CURTIS SIMPSON, by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, SCAPES OF NORTH FLORIDA, LLC ("Scapes"), and JASON DUGGER ("Dugger"), (Scapes, and Dugger are collectively referred to as "Defendants") and states:

### JURISDICTION & VENUE

1. Jurisdiction in this Court is proper as the claims herein are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Duval County, and Clay County, Florida, located within the Middle District of Florida.

## PARTIES AND FLSA COVERAGE

4. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

5. At all times material hereto, Scapes was, and continues to be a Florida Limited Liability Company, engaged in business in Florida, with a principle place of business in Clay County, Florida.

6. At all times material hereto, Dugger was engaged in business in the State of Florida.

7. At all times material hereto, Dugger was, and continues to be, an individual resident of the State of Florida.

8. At all times material hereto, Dugger owned and operated Scapes.

9. At all times relevant to this action, Dugger managed and operated Scapes on a day to day basis.

10. At all times material hereto, Dugger regularly exercised the authority to hire and fire employees of Scapes.

11. At all times material hereto, Dugger determined the work schedules for the employees of Scapes, including Plaintiff.

12. At all times material hereto, Dugger regularly directed the work of the employees of Scapes, including Plaintiff.

13. At all times material hereto, Dugger controlled the finances and operations of Scapes.

14. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

15. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

16. Defendants were, and continue to be, "employer(s)" within the meaning of the FLSA.

17. At all times material hereto, Scapes was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, Scapes was, and continues to be, an enterprise engaged in the "production of goods and services," in that its employees provide goods and services within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Scapes is and was in excess of $500,000.00 per annum for all relevant time periods.

20. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of his usage of items that travelled in interstate commerce in the exercise of his regular duties as an employee of Defendants.

21. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

22. Defendants operate a landscaping business.

23. Defendants hired Plaintiff to work as a non-exempt landscaper in approximately the summer of 2015.

24. Plaintiff was employed by Defendants until approximately December 2017.

25. Plaintiff's duties included providing landscaping services to Defendants' customers.

26. At all times relevant to the claim, Plaintiff was compensated on an hourly basis.

27. However, Plaintiff was not properly compensated for all of the hours that he worked each week, in most, if not all, workweeks.

28. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in one or more workweeks.

29. However, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

30. Instead, Defendants systematically paid Plaintiff, at his regular hourly rate of pay for the hours that he worked over forty each workweek.

31. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

32. Defendants have violated Title 29 U.S.C. § 207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week in one or more workweeks during his employment as a landscaper with Defendants;

    b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked as an landscaper for Defendants as provided by the FLSA;

    c. Defendants have failed to maintain proper time records as mandated by the FLSA;

      d.      Defendants failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

33. Plaintiff realleges and reincorporate paragraphs 1 through 32 as if fully set forth herein.

34. Throughout the duration of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours in most, is not all, workweeks.

35. Throughout the duration of his employment, Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

36. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendants.

37. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

38. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work for Defendants.

39. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights

under the FLSA.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

42. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendants;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

    e. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 16th day of July, 2020.

Respectfully Submitted,

                              */s/ Chanelle J. Ventura*
                              Chanelle J. Ventura, Esquire
                              Florida Bar No.: 1002876
                              Morgan & Morgan, P.A.
                              8151 Peters Road., Suite 4000
                              Plantation, FL 33324
                              Telephone: (954) 318-0268
                              Facsimile:  (954) 333-3515
                              Email: CVentura@forthepeople.com

                              *Trial Counsel for Plaintiff*